## Case No. 17,795.

### WILSON v. The CHANCELLOR LIVINGSTON.

[Nowhere reported; opinion not now accessible.]

## Case No. 17,796.

### WILSON v. CHILDS.

### ANSHUTZ v. CAMPBELL.

### In re WEAMER.

[8 N. B. R. 527;[1] 10 Phila. 275; 30 Leg. Int. 321; 6 Chi. Leg. News, 27; 5 Leg. Op. 182; 21 Pittsb. Leg. J. 17.]

District Court, W. D. Pennsylvania. 1873.

BANKRUPTCY—EXECUTION CREDITORS—PRIORITY—INJUNCTION.

1. The right of an execution creditor or a landlord, upon a warrant of distress, is paramount to that of the assignee in bankruptcy, where the execution or warrant of distress was issued before the commencement of proceedings in bankruptcy. Marshall v. Knox [16 Wall. (83 U. S.) 551] cited and followed.

2. An injunction will be refused when there has been a failure to file a bill in equity, as there is, in such a case, nothing upon which a motion for an injunction can rest.

McCANDLESS, District Judge. As nearly the whole of this week has been occupied with the argument of these cases, there is no time to elaborate an opinion upon the points submitted. All the court can do is to state the result, and the simple principle which must govern us in these, and in all like cases in the future. The recent decision of the supreme court of the United States in the case of Marshall v. Knox [16 Wall. (83 U. S.) 551], must control us. It is there held, that

where an execution has issued from a state court, and a levy has been made before the commencement of the proceedings in bankruptcy, the possession of the assets cannot be obtained by the assignee. The latter, in such cases, is only entitled to such residue as may remain in the sheriff's hands, after the debt for which the execution issued has been satisfied. As by the laws of Pennsylvania the execution is a lien upon all the personal property of the defendant from the moment it reaches the sheriff's hands, the right of the execution creditors, or of a landlord, upon a warrant issued before the commencement of the proceedings in bankruptcy, is paramount to the assignee in bankruptcy, and will control the fund as against the general creditors. But inasmuch as no bills in equity have been filed in any of these cases there is nothing upon which a motion for an injunction can rest, it for this reason must be disallowed, independent of any question upon the merits. The preliminary order is dismissed.